Dunkin, Ch.
The principal object of this suit is to set aside a marriage settlement, executed by and between the complainants, in November, 1838. Thetground is the alleged minority of the husband. He became of age in August, 1839, and this bill was filed 15th February, 1843. Under ordinary circumstances, it would be rather late to ask the aid of the court in vacating the deed on account of non-age. But the settlement is of Mrs. Kottman’s (then Mrs. Higgenbotlom,) estate only. The assent of the intended husband was only necessary to repel any presumption of a fraud on his marital fights. For that purpose, it was perhaps no more necessary that he should have attained twenty-one years of age, than to the validity of the marriage ceremony. Knowledge would be presumed to supply the deficiency of age. It occurs to the Court that this is the end of the case, except for the appointment of a trustee in the place of Aaron Gellett, deceased.
Somthing is said in the bill about the residence of the parties in Virginia, and the effect of the laws of that State. But no evidence was offered that the parties were ever domiciled in Virginia. The recitals in the deed, and all the circumstances, lead to a different conclusion. For all *47 the purposes, except the appointment of a trustee, the bill must be dismissed.
Bellinser & Hutson, for the appellants
Acquiescence in a deed made under age after he become of age is not a confirmation. 2 Kent, 244. Atherly on Marriage Settlements, 28, 41; 18 Yes. 259; 1 lb. 213; 1 Baily Rep. 28.
His acknowledgment after he had come of age that he had made the deed, was not enough. 2 Hill Ch. 538; Dudley’s Eq. 45.
Patterson & Bauskett, contra:
It is ordered, that it be referred to tbe Commisioner to recommend a fit and proper person to be appointed trustee to the marriage settlement of the complainants, in the place of Aaron H. Gellett, deceased, and that for that object the bill be retained until the hearing of the report.
From this decree the complainants appealed, and moved to reverse the same, on the ground, that the complainant, E. D. Kottman, not being of age when the marriage settlement was executed, and never having confirmed or assented to the same after attaining age, the same is not valid.
We concur in this decree, for the reasons given; the appeal is therefore dismissed,
David Johnson,
Wm. Harper,
J. Joi-inston,
Benj. F. Dunkin.